UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DIRECTV, INC.,

    Plaintiff,

v.      Case No. 5:04-CV-132

MARIA CORONA,      HON. GORDON J. QUIST

    Defendant.
_____/

### MEMORANDUM ORDER

The Court has before it *pro se* Defendant, Maria Corona's ("Corona"), motion to have Plaintiff, DIRECTV, Inc.'s ("DIRECTV"), case dismissed. Although the title of the motion suggests that it is a Rule 12(b)(6) motion to dismiss for failure to state a claim, Corona's motion is essentially a six-paragraph unsworn statement, giving it the appearance of a Rule 56 motion for summary judgment. In either case, the motion must be denied because Corona has failed to carry her burden.

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions. In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993) (citing Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2 Moore's Federal Practice, ¶ 12.34[1][b] (Matthew Bender

3d ed. 2003). The Court need not, however, accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

To the extent Corona's motion is intended to be a Rule 12(b)(6) motion, the motion fails because DIRECTV has alleged sufficient facts in its complaint to state claims under the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. In particular, DIRECTV alleges that on February 26, 2002, Corona purchased a pirate access device called a "Loader" from Testsat.tv. (Compl. ¶ 7(a).) DIRECTV also alleges that Corona received and/or assisted others in receiving DIRECTV's encrypted satellite signals in violation of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a). (Id. ¶¶ 12, 21.) In addition, DIRECTV alleges that Corona violated 47 U.S.C. § 605(e)(4) by importing, selling, or distributing signal theft devices useful for intercepting DIRECTV's satellite transmissions. These allegations are sufficient to state claims against Corona, and Corona fails to explain why DIRECTV's allegations are legally insufficient.

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. Id.

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Agristor Financial Corp. v. Van Sickle, 967 F.2d 233, 236 (6th Cir. 1992) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

To the extent that it is a motion for summary judgment, Corona's motion fails for two reasons. First, it is well established in the Sixth Circuit that an unsworn affidavit cannot be used to support or oppose a motion for summary judgment. See Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 968-69 (6th Cir. 1991) (stating that "the unsworn statements of the two employees offered by defendants must be disregarded because a court may not consider unsworn statements when ruling on a motion for summary judgment"). Because Corona's statements in her motion are unsworn and, thus, fail to comply with Rule 56(e), Corona has failed to provide a sufficient evidentiary basis for her motion. Second, even if Corona's statements were admissible, DIRECTV has provided sufficient evidence to show that a genuine issue of material fact remains. As this Court has previously noted, DIRECTV can establish its claims of unlawful signal interception by showing that the defendant: (1) possessed pirate access equipment; and (2) possessed the equipment required to receive DIRECTV's satellite signal. See DIRECTV, Inc. v. Boonstra, 302 F. Supp. 2d 822, 834 (W.D. Mich. 2004). In response to Corona's motion, DIRECTV has provided evidence showing that a "Mikobu Loader" was shipped to Corona at her address in Grandville, Michigan, on or about February 26, 2002. In addition, DIRECTV has provided evidence showing that an individual named Robert Corona, who resides at Corona's address, was a DIRECTV subscriber. (Foster Decl. ¶ 4.) Finally, DIRECTV has filed a Rule 56(f) affidavit showing that further discovery may lead to

additional evidence that Corona is related or married to Robert Corona, the account subscriber. Accordingly, DIRECTV has presented sufficient evidence to defeat Corona's motion, to the extent it is considered a motion for summary judgment. Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion To Have Case Dismissed (docket no. 21) is **DENIED**.

Dated: July 12, 2005        /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE